IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Don Gossard,                          :
                                               Case No. 2:14-cv-1842
        Plaintiff,                    :

                                               JUDGE MICHAEL H. WATSON
            v.                        :        Magistrate Judge Kemp
                                      :

Warden, Madison Correctional
Institution, et al.                   :

        Defendants.                   :

REPORT AND RECOMMENDATION

Plaintiff Don Gossard, an inmate at the Madison Correctional
Institution ("MCI"), filed this action pursuant to 42 U.S.C.
§1983 alleging violations of his constitutional rights as a
result of the conduct of defendants, Warden of the Madison
Correctional Institution, Mr. Scales and Ms. Ester.  Mr.
Gossard's claims against the Warden were dismissed in a
Memorandum Opinion and Order filed on July 24, 2015 (Doc. 18).
This matter is now before the Court on the remaining defendants'
motion for summary judgment and Mr. Gossard's motion for ruling
on the pleadings. For the following reasons, the Court will
recommend that the motion for summary judgment (Doc. 38) be
granted and the motion for ruling on the pleadings (Doc. 41) be
denied.

I. Legal Standard

Summary judgment is not a substitute for a trial when facts
material to the Court's ultimate resolution of the case are in
dispute.  It may be rendered only when appropriate evidentiary
materials, as described in Fed. R. Civ. P. 56(c), demonstrate the
absence of a material factual dispute and the moving party is
entitled to judgment as a matter of law.  Poller v. Columbia

Broad. Sys., Inc., 368 U.S. 464 (1962). The moving party bears the burden of demonstrating that no material facts are in dispute, and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). "[I]f the evidence is insufficient to reasonably support a jury verdict in favor of the nonmoving party, the motion for summary judgment will be granted." Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material element of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since "a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motions must be decided.

## II. Discussion

Mr. Gossard alleges in his complaint that in 2014, while an inmate at MCI, Defendants failed to protect him from an assault by his cell mate. Defendants argue that Mr. Gossard's claims should be dismissed because, among other things, he failed to

2

exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) provides that "no action shall be brought with respect to prison conditions under §1983 ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a) "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The boundaries of exhaustion of remedies are defined by the prison's administrative procedure, not the PLRA. Jones v. Bock, 549 U.S. 199, 218 (2007). Ohio's administrative grievance procedure for inmates is codified under the Ohio Administrative Code at §5120-9-31. To initiate grievances, inmates must use forms designated by the Ohio Department of Rehabilitation and Correction ("ODRC"), which are "reasonably available to inmates regardless of their disciplinary status or classification." (Doc. 38-1, ¶4).

Exhaustion of administrative remedies requires that the process be adhered to and the grievance be addressed on its merits at each level. Wright v. Morris, 111 F.3d 414, 417 n. 3 (6th Cir. 1997). This in turn means that each grievance must be filed within the prescribed time frame. Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999) ("We have previously held that an inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."). Where raised by the defendants, failure to exhaust under the PLRA may serve as a basis for dismissal. Bruce v. Correctional Medical Services, Inc., 389 Fed.Appx. 462, 467 (6th Cir. 2010). Because the defendants in this case have moved for summary judgment on this basis, it is "their burden to show the absence of a genuine

issue of material fact regarding non-exhaustion." Hughes v. Lavender, 2011 WL 1337155, *9 (S.D. Ohio April 6, 2011).

In support of their motion, defendants furnish a declaration of Antonio Lee, an Assistant Chief Inspector for the ODRC, who provides details of the grievance procedure for Ohio inmates. (Doc. 38-1). All inmates in ODRC custody are provided with instructions on how to utilize the institutional grievance process. The process is made up of three consecutive steps. First, the inmate must file an informal complaint with the direct supervisor of the staff member or department responsible for the subject matter of the complaint within fourteen calendar days of the date of the event giving rise to the complaint. If the inmate is not happy with the resolution of the informal complaint, the inmate may submit a "kite" requesting a notification of grievance form from the Institutional Inspector at his institution. The notification of grievance must be filed within fourteen calendar days from the date of the informal complaint response. The Institutional Inspector then investigates the matter and issues a written disposition. If the inmate is still dissatisfied with the result, he may request an appeal form from the Institutional Inspector, and must file the appeal to the Chief Inspector within fourteen days of the last disposition. The administrative process is exhausted upon rendering of the Chief Inspector's decision. Id. ¶¶5-10; Ohio Admin. Code 5120-9-31(K).

Mr. Gossard filed a timely informal complaint resolution on March 25, 2014, which was denied on March 27, 2014. He did not, however, file his notification of grievance until April 14, 2014, which was outside the fourteen day deadline and which was denied as being untimely. The Chief Inspector affirmed the decision, agreeing that the notification of grievance had been untimely. Id. ¶12. In his response, Mr. Gossard argues that the Institutional Inspector deliberately delayed providing him with

the notification of grievance form, which prevented him from making a timely filing. (Doc. 39 at 2). Defendants correctly point out that this assertion of deliberate delay was first made in Mr. Gossard's responsive brief.  Mr. Gossard did argue in his appeal to the Chief Inspector that, despite his timely request for the proper form, he filed it late because he had to wait on receipt of the form, but he provided no supporting details. (Doc. 3 at 13-14).

The Defendants provide a declaration of Jarrod Robinson, who was employed as the Institutional Inspector at MCI during the relevant time period. (Doc. 40-1). Although he does not specifically recall Mr. Gossard's grievance, Mr. Robinson describes his normal practices and procedures for processing grievance forms.  Mr. Robinson states that his first task in the morning was to pick up kites received by the Institutional Inspector's office and begin processing them.  For the kites received from inmates requesting notification of grievance forms, he would first verify that each inmate had completed the first step of the process and, if so, he would enclose a notification of grievance form with the kite and log that he had done so. He would then process the kites and drop them off at the end of each day for pickup by unit staff for delivery to the inmate. Id. ¶12.

Mr. Gossard asserts that he exhausted his administrative remedies because he took all the necessary steps in the grievance procedure.  He argues that the defendants' assertion of failure to exhaust available state remedies "is totally without merit." (Doc. 39 at 3). However, the administrative record here clearly shows that the substantive merits of his grievance were not addressed by the second and third steps of the process because he failed to timely file his notification of grievance. (Doc. 3 at 10-15). Mr. Gossard asserted in his appeal to the Chief Inspector that "it was not my fault" that he did not submit the appeal in

time because he had to wait for staff to pick up his form and deliver it.  He does not provide any details of what day he requested the form or what day he received it, not does he provide any supporting evidence or sworn statement. His responsive brief is the first occasion on which he accuses the Institutional Inspector of deliberately delaying the delivery of his notification of grievance form.  Applying the summary judgment standard, the Court must view all evidence in the light most favorable to Mr. Gossard as the non-moving party.  However, it is well settled that "[c]onclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." Alexander v. CareSource, 576 F.3d 551, 559 (6th Cir. 2009); see also  Lewis v. Philip Morris Inc., 355 F.3d 515, 533 (6th Cir. 2004) (finding that "conclusory statements" unsupported by specific facts will not permit a party to survive summary judgment).

Mr. Gossard's assertion that he was not able to timely adhere to the grievance process because of a delay (deliberate or not) by the Institutional Inspector is conclusory and unsupported by the record.  The Institutional Inspector provided a declaration detailing his routine for dealing with institutional grievances, and there is no evidence to show that he did not follow this routine with respect to Mr. Gossard's grievance.  Mr. Gossard fails to provide an affidavit, sworn declarat or any specific facts to support his argument that the failure to timely file his notification of grievance was excused, i.e. that he did not receive the form until after the expiration of the deadline. The Supreme Court has observed that a party opposing summary "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586–587 (1986).  Courts must view the record as a whole and determine whether a rational trier

6

of fact could find for the non-moving party. Id.  This applies to Mr. Gossard's assertion that his administrative remedies should be considered exhausted due to a delay by the Institutional Inspector or other prison officials. Based on the record, it is clear to the Court that Mr. Gossard failed to exhaust his administrative remedies. Consequently, the Court will recommend that the defendants' motion for summary judgment be granted.

### III. Motion for Ruling on the Pleadings

Mr. Gossard filed a "motion for ruling on the pleadings" asking the Court to deny the defendants' motion for summary judgment.  In support of his motion, Mr. Gossard objects to the fact that the declaration of Jarrod Robinson submitted in the defendants' reply brief "was not attested to by a public notary, or before any witnesses" and is "nothing more than a 'boiler plate' summary more than 2 years after the fact."  Mr. Gossard also objects to the defendants' failure to discuss their obligations to prevent violence between inmates and oversee the psychological well being of inmates.

While an affidavit is required to be sworn to by the affiant before an "officer authorized to administer oaths," 28 U.S.C. §1746 allows for "unsworn declarations under penalty of perjury" to be used as evidence in court proceedings.  Peters v. Lincoln Elec. Co., 285 F.3d 456, 474 (6th Cir. 2002) (The district court did not err in relying on an undated, un-notarized declaration in granting summary judgment because the declarant had signed "under penalty of perjury."); Finch v. Xavier University, 689 F.Supp.2d 955, 961 (S.D. Ohio 2010) (To be considered in summary judgment, a declaration must be signed under oath or under penalty of perjury.).  In this case, while neither of the declarations submitted by the defendants in support of their motion for summary judgment were notarized, they were both signed under penalty of perjury.  Mr. Gossard also complains that Mr.

7

Robinson's declaration was "boilerplate," and two years after the fact. However, Mr. Robinson states that while he does not remember Mr. Gossard's grievance specifically, his declaration only serves to describe his procedure for processing grievances while he served as the Institutional Inspector at MCI. The declarations submitted by the defendants are acceptable evidence in the Court's consideration of the defendants' motion for summary judgment.

Mr. Gossard's objection to the defendants' failure to raise certain specific topics in their motion is also misplaced. The burden on the defendants in their motion was to show that there exists no genuine issue of material fact that they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). They have effectively done so here by showing that Mr. Gossard failed to exhaust his administrative remedies as required.

Mr. Gossard also requests that the Court revisit his previously denied request for appointment of counsel. Because the Court recommends that summary judgment be granted in favor of the defendants, this request will be denied as moot.

## IV.  Recommendation

For the foregoing reasons, it is recommended that the defendants' motion for summary judgment (Doc. 38) be granted and Mr. Gossard's motion for ruling on the pleadings (Doc. 41) be denied.

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or

8

recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge