```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Don F. Gossard,                  :

        Plaintiff,       :   Case No. 2:14-cv-1842

  v.                             :   JUDGE MICHAEL H. WATSON

Warden, Madison Correctional     :   Magistrate Judge Kemp
Institution, et al.,

        Defendants.      :

                              ORDER

    This prisoner civil rights case is before the Court to resolve a procedural issue raised by Plaintiff Don F. Gossard. To place the matter in context, the Court will briefly review the procedural history of the case.

    After the Court denied a motion to dismiss and after an answer was filed, the Court issued a scheduling order on May 11, 2016 (Doc. 34). It set a discovery cutoff date of January 31, 2017, and a summary judgment motion filing date of February 28, 2017. These dates have not been extended.

    On February 28, 2017, Defendants moved for summary judgment. Mr. Gossard filed a timely response on March 13, 2017. He did not ask for additional time to respond nor suggest that he was not in a position to file a comprehensive response. After Defendants filed a reply, the Court issued a Report and Recommendation on April 10, 2017, recommending that the case be dismissed because Mr. Gossard did not properly exhaust his administrative remedies as required by the PLRA. See Doc. 42.

    Mr. Gossard did not file timely objections to the Report and Recommendation; his objections were filed on May 5, 2017, which was after the 14-day period to object had elapsed. Within that 14-day period, however, he did file a motion to stay the Court's decision on the Report and Recommendation. It is that motion

(Doc. 43), which Defendants oppose, that is now before the Court for decision.

In his motion, Mr. Gossard seeks to invoke the procedures set forth in Fed.R.Civ.P. 56(d). That rules says:

> **(d) When Facts Are Unavailable to the Nonmovant**. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

He argues that he should be permitted to conduct additional discovery into the factual basis for the motion, including the institutional logs referred to by Defendants in their declaration, and should also be allowed to request more information about what happened to his cellmate after the incident in question, whether his cellmate was on medication, and when and how he had been disciplined.

There are at least two significant problems with the motion to stay. First, as noted above, the discovery cutoff date in this case was January 31, 2017. Such a date set in a scheduling order issued under Fed.R.Civ.P. 16(b) can be extended only upon a showing of good cause, and that showing requires the moving party to demonstrate that, despite the exercise of due diligence during the discovery period, the discovery at issue could not have been obtained. See, e.g., Commerce Benefits Group v. McKesson Corp., 326 Fed. Appx. 369 (6th Cir. May 20, 2009); Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995); see also Cromwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1027 (9th Cir. 2006). Mr. Gossard has not made such a showing. There is no reason he could not have asked for this

2

information at any time between May of 2016 and January of 2017.

Second, a Rule 56(d) motion ordinarily precedes a ruling on the summary judgment motion, and is made in lieu of the filing of a memorandum in opposition. As the Court of Appeals for the First Circuit explained in <u>Nieves-Romero v. United States</u>, 715 F.3d 375, 381 (1st Cir. 2013), "[a] party cannot have two bites at the cherry: he ordinarily cannot oppose a summary judgment motion on the merits and, after his opposition is rejected, try to save the day by belatedly invoking Rule 56(d)." But that is what Mr. Gossard has attempted to do here, and he may not obtain such relief.

It is clear that the motion to stay is based on a request for discovery which the Court cannot grant under the principles which apply to both Fed.R.Civ.P. 16(b) and Fed.R.Civ.P. 56(d). Consequently, the Court denies the motion to stay (Doc. 43). Additionally, given the pendency of the Report and Recommendation, the Court has concluded that the case likely lacks merit, and for that reason, the pending motion for appointment of counsel (Doc. 46) is also denied.

MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a). The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for

reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                             /s/ Terence P. Kemp
                                             United States Magistrate Judge