UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Don Gossard,

　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　Case No. 2:14-cv-1842

Warden, Madison Correctional　　　　Judge Michael H. Watson
Institution, *et al.*,　　　　　　　　　Magistrate Judge Kemp

　　Defendants.

## OPINION & ORDER

Don Gossard ("Plaintiff"), an inmate at the Madison Correctional Institution ("MCI") who is proceeding *pro se*, filed this § 1983 action against the Warden of MCI, Mr. Scales, and Mr. Easter ("Defendants"), claiming that Defendants violated his constitutional rights by failing to protect him from an assault by his cell mate in March, 2014. Compl., ECF No. 3. Plaintiff's claims against the Warden were dismissed on July 24, 2014. ECF No. 18. The remaining Defendants thereafter moved for summary judgment. ECF No. 38. In response, Plaintiff filed a "motion for ruling on the pleadings," ECF No. 41, in which he asked the Court to deny Defendants' motion for summary judgment. On April 10, 2017, Magistrate Judge Kemp issued a report and recommendation ("R&R") recommending that the motion for summary judgment be granted and the motion for ruling on the pleadings be denied. R&R, ECF No. 42. Plaintiff objected,

albeit untimely. ECF No. 44. For the following reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **DISMISSES** Plaintiff's claims.

## I. BACKGROUND

Defendants moved for summary judgment on several grounds, including Plaintiff's alleged failure to exhaust his administrative remedies before seeking relief in the district court. ECF No. 38. In support of their motion, Defendants filed a declaration by Antonio Lee, an Assistant Chief Inspector for the Ohio Department of Rehabilitation and Correction ("OCRC"), which outlined the three-step process by which inmates in ODRC custody may file grievances. Lee Decl., ECF No. 38-1. First, inmates file an informal complaint with the direct supervisor of the staff member or department responsible for the complaint's subject matter within fourteen calendar days of the event giving rise to the complaint. *Id.* at ¶ 5. If the inmate is unhappy with the resolution of the informal complaint, the inmate may then submit a "kite" (inmate correspondence form) requesting a notification of grievance ("NOG") form from the Institutional Inspector. *Id.* at ¶ 6. The NOG form must be filed within fourteen calendar days of the date of the informal complaint response. *Id.* The Institutional Inspector investigates the complaint and issues a written disposition. *Id.* Finally, if the inmate remains dissatisfied with the outcome, the inmate may request an appeal form from the Institutional Inspector and must file the appeal to the Chief Inspector within fourteen days of the Institutional Inspector's disposition. *Id.* at ¶ 7. Once the Chief Inspector renders a decision, the administrative appeals process is exhausted. *Id.*

The dates written on the forms Plaintiff submitted to the ODRC per this three-step grievance procedure show that Plaintiff filed a timely informal complaint resolution but filed an untimely NOG. Compl., ECF No. 3, PAGEID ## 42–47. Neither the Institutional Inspector nor the Chief Inspector reviewed the merits of Plaintiff's grievance, because of the untimely filing. *See id.*

In Plaintiff's response brief to Defendants' motion for summary judgment, Plaintiff asserted that the Chief Inspector deliberately delayed providing him with the NOG form and that the untimely response was therefore not his fault. *Id.* Plaintiff provided no evidence, however, in support of his contention. *Id.*

Defendants replied with a declaration from Jarrod Robinson ("Mr. Robinson"), an employee at the MCI, who detailed his normal procedure for processing grievance forms. Robinson Decl., ECF No. 40-1. Mr. Robinson explained that his first morning task was to pick up and begin processing kites received by the Institutional Inspector's office. *Id.* at ¶ 12. He would then verify that each inmate requesting a NOG form had completed the first step in the grievance process, and, if so, he would enclose a NOG form with the kite and log that he had done so. *Id.* Mr. Robinson then processed the kites and dropped them off at the end of the day for pickup by unit staff for delivery to the inmate. *Id.*

Plaintiff thereafter filed a "motion for ruling on the pleadings," in which he asked the Court to deny the Defendants' motion for summary judgment. ECF No. 41. In his motion, Plaintiff objected to Mr. Lee's and Mr. Robinson's

declarations because they were not notarized and they simply provided summaries of actions that took place two years prior. *Id.* 2. He also objected to Defendants' failure to discuss their obligation to prevent violence between inmates. *Id.*

After considering the record evidence, Magistrate Judge Kemp recommended granting Defendants' motion for summary judgment, finding that there was no genuine dispute of material fact as to Plaintiff's failure to exhaust his administrative remedies within the time period prescribed by the ODRC. R&R 7, ECF No. 42. Magistrate Judge Kemp found that Plaintiff's assertions of deliberate delay on the part of the Institutional Inspector were conclusory and unsupported by the record. *Id.* at 6. He explained that Plaintiff provided no evidence or sworn statement indicating what day Plaintiff requested or received the NOG form, while Defendants had submitted a declaration from the Institutional Inspector detailing his process for dealing with institutional grievances. *Id.* Therefore, Magistrate Judge Kemp found it clear that Plaintiff failed to exhaust his administrative remedies and recommended that Defendants' motion for summary judgment be granted. *Id.* at 7.

Additionally, Magistrate Judge Kemp recommended denying Plaintiff's motion for ruling on the pleadings. *Id.* at 8. He found that even though the declarations were not notarized, they were signed under penalty of perjury, as permitted by 28 U.S.C. § 1746, and that the statements contained in the declarations summarizing the usual procedure for processing grievances

provided acceptable evidence for the Court's summary judgment determination. *Id.* at 7–8. Magistrate Judge Kemp also found that Plaintiff's objection to Defendants' failure to discuss their obligation to prevent violence between inmates was misplaced and irrelevant to the motion for summary judgment. *Id.* Therefore, he recommended denying Plaintiff's motion for ruling on the pleadings. *Id.*

The R&R notified the parties of their right to file objections to the R&R within fourteen days pursuant to 28 U.S.C. § 636(b)(1). *Id.* at 8–9. Plaintiff filed objections that were apparently untimely.[1] Objection, ECF No. 44. The Court will nonetheless address Plaintiff's objections.

## II. STANDARD OF REVIEW

The Court will review de novo the portions of the R&R that have been properly objected to, pursuant to Federal Rule of Civil Procedure 72(b)(2). On de novo review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

[1] In his handwritten certificate of service Plaintiff states he mailed his objections on April 4, 2017, six days before the R&R was issued. Objection 3, ECF No. 44. Despite this curious assertion and in spite of the fact Objections were five days *late* (according to an extended objection time-period consistent with the prison mailbox rule, *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008)), the Court will consider them.

R. Civ. P. 56(a). The Court must grant summary judgment if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Van Gorder v. Grand Trunk W.R.R., Inc.*, 509 U.S. 265, 268 (6th Cir. 2007).

## III. ANALYSIS

In his objections, Plaintiff reiterates that the failure to timely file the NOG form was not his fault but rather was the fault of the Institutional Inspector.[2] He contends that he did not receive the NOG form until a date that was already several days beyond the fourteen-day deadline for filing the form. Therefore, Plaintiff asserts that his failure to exhaust his administrative remedies was not of his own doing.

Plaintiff attaches his own declaration[3] to his objections, in which he outlines, for the first time, the particular dates that he allegedly received and sent his NOG. ECF No. 44-1. He asserts that he submitted a kite requesting a NOG

---

[2] Plaintiff also makes two requests that are in fact outside the scope of Magistrate Judge Kemp's recommendation for summary judgment. First, Plaintiff asks the Court to take judicial notice of the "well known fact of prison life" that "it takes two to fight" and that the only difference between the attacker and the victim is the amount of time each receives "in the hole." Because this is not a proper subject for judicial notice, and indeed because this assertion is not relevant to the Court's de novo review of summary judgment, the Court declines to take judicial notice of Plaintiff's contentions. Second, Plaintiff requests that the Court investigate whether Defendant Scales is still an employee of the ODRC. Plaintiff asserts that per his discovery motion, he seeks to obtain disciplinary reports against Defendant Scales. The Court declines this request. Because Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust, Defendant Scale's current employment status is irrelevant.

[3] Plaintiff labels his written statement an "affidavit," but in actuality it is a declaration signed under penalty of perjury pursuant to 8 U.S.C. § 1746.

form on April 4, 2014, which was within the fourteen-day time period for filing the form. *Id.* at PAGEID # 214. He further contends that he did not receive the NOG form until April 14, 2014, and that on the same day he received the form, he placed it in the mail. *Id.* Because he could not mail the NOG form until he received it, and because he received it after the deadline for filing it had already passed, Plaintiff asserts that the failure to exhaust his administrative remedies due to the untimely filing was not his fault. *Id.* at 215. This declaration is the only evidence Plaintiff has submitted in support of his defense to his untimely filing, and it was submitted to the Court for the first time with Plaintiff's objections to the R&R.

Whether to consider new evidence submitted for the first time on an objection to a magistrate judge's R&R is within the district court's discretion. *Muhammad v. Close*, No. 08-1944, 2009 WL 8755520, at *2 (6th Cir. Apr. 20, 2009); *Thompson v. Richardson*, No. 1:12-cv-1332, 2013 WL 4780265, at *1 (Sept. 5, 2013). The discretion to accept new evidence, however, "must be exercised sparingly. . . . [T]he magistrate's role [would be] reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *Moore v. United States*, No. 14-114, 2016 WL 4708947, at *2 (E.D. Ky. Sept. 9, 2016) (quoting *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 322 (1st Cir. 2008)). Allowing new evidence for the first time on objection is thus disfavored. *Id.* at *3 (citation omitted).

The Court declines to exercise its discretion in this case to consider the declaration submitted by Plaintiff for the first time on his objection to the R&R. Plaintiff has had ample time before filing objections to bring forth evidence to support his contention that Defendants deliberately delayed supplying Plaintiff with a NOG form. Indeed, Plaintiff was on notice that exhaustion of administrative remedies would be at issue since Defendants raised the issue in their motion to dismiss in May, 2015.[4]

Moreover, despite Plaintiff's *pro se* status, he is responsible for complying with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 56 requires a party asserting that a fact is genuinely disputed to support the assertion by citing to admissible evidence or by demonstrating that the opposing party cannot produce admissible evidence to support a contrary fact. Fed. R. Civ. P. 56(c)(1). Nevertheless, only after Magistrate Judge Kemp specifically pointed out in his R&R that Plaintiff failed to present evidence to show that he did not receive the NOG form until after the expiration of the filing deadline did Plaintiff produce a declaration to support his assertion that he timely requested the NOG form but did not receive it until after the filing deadline. Because Plaintiff submitted supporting evidence for the first time on his objection to the

---

[4] Judge Economus denied the portion of Defendants' 12(b)(6) motion related to Plaintiff's alleged failure to exhaust administrative remedies based on his finding that there was insufficient evidence to determine the issue at that time. Mem. & Order 5, ECF No. 18 ("[B]ecause failure to exhaust is an affirmative defense, Plaintiff need not specially plead or demonstrate exhaustion in his complaint.") (citation omitted). At that time, Judge Economus pointed out that Plaintiff had "alleged no facts regarding the specific dates he requested and received the required grievance form . . . ." *Id.*

R&R, the Court declines to give Plaintiff another bite at the apple by considering the declaration.

Considering the evidence before Magistrate Judge Kemp at the time of his recommendation on the motion to dismiss, the Court finds that Plaintiff failed to establish the existence of a genuine dispute of material fact as to his failure to exhaust his administrative remedies because of his untimely filing. Plaintiff's objections are therefore **OVERRULED**.

For the foregoing reasons, the R&R is **ADOPTED** and **AFFIRMED**. Plaintiff's § 1983 claim is hereby **DISMISSED** without prejudice. The Clerk is further **DIRECTED** to enter **FINAL JUDGMENT** and terminate the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**